10-4094-cv
HealthNow New York Inc. v. State of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of September, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> > *Circuit Judges*,
> LORETTA A. PRESKA,1
> > *Chief District Judge*.

_____

HEALTHNOW NEW YORK INC.,

> *Plaintiff-Appellant*,

v.                                          No. 10-4094-cv

THE STATE OF NEW YORK and ERIC T. SCHNEIDERMAN, in his official capacity as Attorney General of the State of New York,

> *Defendants-Appellees.***

_____

FOR PLAINTIFF-APPELLANT:          MICHAEL P. MCCLAREN, Webster Szanyi LLP,
                                  (Nelson Perel, *on the brief*) Buffalo, New York.

_____

1 The Honorable Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.
** The Clerk of Court is directed to amend the official caption as set forth above.

FOR DEFENDANTS-APPELLEES:             VICTOR PALADINO, Assistant Solicitor General,
                                      (Barbara D. Underwood, Solicitor General, and
                                      Andrew D. Bing, Deputy Solicitor General) *for* Eric
                                      T. Schneiderman, Attorney General for the State of
                                      New York, Albany, New York.

                                      NICHOLAS I. TIMKO, New York State Trial Lawyers
                                      Association, New York, New York, and ROBERT S.
                                      PECK, Center for Constitutional Litigation, P.C. *for
                                      amicus curiae* New York State Trial Lawyers
                                      Association.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*).   **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

HealthNow New York Inc. ("HealthNow") brought suit against defendants the State of New York and Eric T. Schneiderman, in his official capacity as Attorney General of the State of New York, seeking to declare invalid and enjoin enforcement of the state's Anti-Subrogation Law, codified at New York General Obligations Law § 5-335.   The Anti-Subrogation Law permits insureds to avoid having to reimburse their benefit provider, out of settlement proceeds, for medical expenses arising from personal injuries caused by third-party tortfeasors.   HealthNow subsequently agreed to drop its claims against the State of New York.   The district court granted the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, holding that the Attorney General was not a proper defendant under the *Ex Parte Young* exception to the state's Eleventh Amendment immunity because he not only lacked the requisite connection with the enforcement of the Anti-Subrogation Law but he also had not expressed sufficient willingness to exercise any putative authority to enforce the law.   *HealthNow New York, Inc. v. State of New*

2

*York*, 739 F. Supp. 2d 286, 297-98 (W.D.N.Y. 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I.      Discussion

We review *de novo* a district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). We "may affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 580 (2d Cir. 2006) (internal quotation marks omitted).

"Article III, § 2 of the United States Constitution restricts federal courts to deciding 'Cases' and 'Controversies' and thus imposes what the Supreme Court has described as the 'irreducible constitutional minimum of standing,'—injury-in-fact, causation, and redressibility." *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "*Lujan* holds that a litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury." *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007). In the absence of standing, a court lacks the requisite subject matter jurisdiction over the case. *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch, Inc.*, 24 F.3d 427, 431 (1994).

HealthNow asserts it has two injuries-in-fact: (1) that it will lose $14 million if it cannot enforce contractual subrogation provisions against insureds who settle with tortfeasors and (2) that it fears enforcement from the Attorney General under New York Executive Law § 63(12).

3

Having examined these two purported injuries separately, we hold that HealthNow has not demonstrated that it has standing to pursue the cause of action at issue here.

We begin with the $14 million in potential losses that HealthNow claims it will lose as a result of the Anti-Subrogation Law being in effect. Although the Attorney General concedes this is a legitimate injury-in-fact for purposes of standing, HealthNow cannot demonstrate that this injury is *caused* by any action on the part of the Attorney General, the only party HealthNow is suing. Nothing the Attorney General is doing or could threaten to do under section 63(12) is effecting that $14 million loss. Rather, that injury is caused solely by HealthNow's insureds having been provided a defense to HealthNow's subrogation claims by the statute.

The second injury-in-fact HealthNow asserts is the threat that the Attorney General will invoke his authority under section 63(12) against HealthNow in connection with the Anti-Subrogation Law. Although the Attorney General would be the "cause" of such an injury and an injunction would fully redress such injury, there is nothing to indicate the Attorney General has used or is about to use section 63(12) to investigate HealthNow's practices in connection with the Anti-Subrogation Law. Because this is a prospective injury, the aggrieved party must demonstrate "the threatened injury is real, immediate, and direct." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). HealthNow cannot establish that the Attorney General is threatening to use his section 63(12) authority against it. First, the Attorney General has denied his office intends to use section 63(12) against HealthNow. Second, HealthNow is not alleging it would engage in any actions that would reasonably prompt the use of section 63(12), notwithstanding the Attorney General's insistence he has no plans to employ that authority against it. HealthNow is not now misleading, nor asserting that it intends to mislead, its insureds in any

4

way that could be considered illegal or fraudulent in connection with the Anti-Subrogation Law. The only course of conduct HealthNow has threatened to take is either (a) not to seek to enforce its contractual subrogation provisions based on the existence of the Anti-Subrogation Law, or (b) to sue its insureds to enforce those provisions. Neither proposed course of conduct is illegal or fraudulent. Indeed, the Attorney General has made clear that his office would not consider it to be illegal or fraudulent conduct that would warrant the use of section 63(12) if HealthNow exercised its right to challenge the legality of the Anti-Subrogation Law in a suit against an insured.

Only by mixing a stated injury—loss of $14 million—with the cause and redressibility of an entirely different injury—threatened enforcement of section 63(12)—can HealthNow pretend to meet the three-part standing test under *Lujan*. Simply put, however, HealthNow has failed to allege a requisite "case" or "controversy" against the Attorney General, and because HealthNow therefore lacks standing, this suit must be dismissed for lack of subject matter jurisdiction.

## II. Conclusion

We have considered all of HealthNow's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5